833 F.2d 1005
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Orlando HART, Petitioner-Appellant,
v.
J.J. CLARK, Warden, Benjamin F. Baer, Chairman, U.S. Parole
Commission, Respondents-Appellee.
 No. 87-7570.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Oct. 1, 1987.
Decided: Nov. 13, 1987.
 
 Barnaby C. Wittels, Brian D. Lytle on brief for appellant.
 Henry E. Hudson, United States Attorney, Debra J. Prillaman, Assistant United States Attorney, Michael A. Stover, United States Parole Commission on brief for appellees.
 Before SPROUSE and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Orlando Hart, a federal prisoner, sought a writ of habeas corpus, complaining of the Parole Commission's disposition of his case. We affirm the district court's dismissal of his petition.
 
 Hart asserts:
 
 2
 1) the Parole Commission lacked "good cause" to require him to serve a sentence longer than that indicated by the parole guidelines;
 
 
 3
 2) the Commission improperly "double counted" certain aspects of Hart's offense, considering the dollar value of his frauds both to determine his offense severity rating and then to justify a term of imprisonment beyond that called for by the appropriate guideline; and
 
 
 4
 3) the term of imprisonment imposed by the Parole Commission, because it exceeded the applicable guidelines, violates Sec. 235(b)(3) of the Sentencing Reform Provisions of the Comprehensive Crime Control Act of 1984, 18 U.S.C. Sec. 3551(b)(3), which requires the Commission to set release dates within the guideline range for all prisoners "who will be in its jurisdiction" on October 30, 1992.
 
 
 5
 As to the first two issues, we affirm the dismissal of Hart's habeas petition for reasons adequately stated by the district court in its memorandum opinion.
 
 
 6
 Hart's argument based on the Crime Control Act of 1984 was not raised in the district court and therefore is not properly before us. We note, however, that Sec. 235(b)(3) imposes no positive obligation on the Parole Commission at this time. See Romano v. Luther, 816 F.2d 832, 839 (2d Cir.1987). While it is true that the Commission is required by that section to set conforming release dates for qualifying prisoners "early enough to permit consideration of an appeal of the release date, in accordance with Parole Commission procedures, before [November 1, 1992]," that final deadline is more than five years in the future. At this early date it would be most difficult to make a showing of delinquency on the part of the Commission sufficient to justify court intervention.
 
 
 7
 The judgment of the district court is affirmed.